UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM E. BROWN | CIVIL ACTION |
| Versus | NO. 11-1169 |
| JESSE L. WIMBERLY, III, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion to conduct limited discovery in order to respond to defendant's special motion to strike.  For the reasons that follow, plaintiff's motion is DENIED.

**Background**

Plaintiff, William Brown, is an attorney.  Brown represented Dr. Ralph Nix in a medical malpractice suit in Louisiana state court.  Dr. Nix lost the case, and decided to sue Brown for professional negligence and legal malpractice.  Dr. Nix hired Jesse Wimberly as his attorney, and Wimberly filed two lawsuits against Brown, one in St. Tammany Parish state court, and the other in Orleans Parish state court.

After Wimberly filed the two lawsuits against Brown, Brown filed suit in this Court against Wimberly for defamation.  Brown filed this lawsuit on the basis of diversity of citizenship (Brown is a resident of Tennessee; Wimberly is a Louisiana resident).  Brown contends that the factual allegations Wimberly made in the two state court petitions regarding Brown's

1

professional negligence and legal malpractice are defamatory statements.  In response, Wimberly moved to dismiss Brown's complaint, as well as a special motion to strike (anti-SLAPP motion).

The special motion to strike is currently noticed for hearing on November 9, 2011, and is based on Louisiana Code of Civil Procedure Article 971, more commonly known as Louisiana's anti-SLAPP statute.  Article 971 allows a defendant to file a special motion to strike where the defendant has been sued for exercising his constitutional rights of petition and free speech in connection with a public issue.  Plaintiff's motion asks the Court to allow Brown to conduct limited discovery so that he can respond to the special motion to strike.  Specifically, plaintiff wants to gather evidence to show that the defendant's statements regarding Brown's professional conduct were false, and that defendant was at fault for publishing them.

I. <u>Limited Discovery under Louisiana's Anti-SLAPP statute</u>

Article 971 states:

> All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this Article. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. Notwithstanding the provisions of this Paragraph, the court, on noticed motion and for good cause shown, may order that specified discovery be conducted.

La. C.C.P. Art. 971D.  Louisiana state courts have provided

little guidance as to what constitutes "good cause" under Article 971D. Courts in other states with similar anti-SLAPP statutes have, however, interpreted the "good cause" language to refer to information that the plaintiff needs to support his claim, but which is held by the defendant. See 1-800-CONTACTS v. Steinberg, 132 Cal. Rptr. 2d 789 (2003) (interpreting the discovery provision of California's anti-SLAPP statute, which requires a "good cause" showing for limited discovery).

The Court denies plaintiff's request for limited discovery in this case because plaintiff has made no showing that the information he seeks cannot be obtained elsewhere. Plaintiff's suit is based on statements that Mr. Wimberly made in court filings, which are a part of the public record. Further, the basis for defendant's allegedly defamatory statements is Mr. Brown's conduct in the medical malpractice suit, which Mr. Brown lost.

Accordingly, IT IS ORDERED: The plaintiff's motion is DENIED.[1]

---

[1] Neither side has adequately addressed the issue of whether state anti-SLAPP statutes are substantive or procedural, or whether any federal court has held that they even apply in federal litigation. Although the Fifth Circuit seems to approve, other courts do not. Cf. Henry v. Lake Charles Am. Press LLC, 566 F.3d 164 (5th Cir. 2009) with Stuborn Ltd. P'ship v. Bernstein, 245 F. Supp. 2d 312 (D. Mass. 2003).

New Orleans, Louisiana, October 19, 2011

_____
          MARTIN L. C. FELDMAN
      UNITED STATES DISTRICT JUDGE