UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

WILLIAM E. BROWN                                    CIVIL ACTION

Versus                                              NO. 11-1169

JESSE L. WIMBERLY, III, ET AL.                      SECTION "F"

                          ORDER & REASONS

    Before the Court are Jesse Wimberly's special motion to strike and Hector Lopez's motion to dismiss, or, in the alternative, for summary judgment.  For the reasons that follow, the motions are GRANTED.

                            **Background**

    Plaintiff, William Brown, is an attorney.  Brown represented Dr. Ralph Nix in a medical malpractice suit in Louisiana state court.  Dr. Nix lost.  On appeal, Dr. Nix hired attorney Hector Lopez to represent him.  Dr. Nix lost the appeal, and decided to sue Brown for professional negligence and legal malpractice.  Dr. Nix hired Jesse Wimberly as his attorney, and Wimberly filed two lawsuits against Brown, one in St. Tammany Parish state court, and the other in Orleans Parish state court.  The two malpractice actions were removed to federal court, and settled.

    After Wimberly filed the two lawsuits against Brown, Brown filed suit in this Court against Wimberly for defamation.  Brown filed this lawsuit on the basis of diversity of citizenship (Brown is a resident of Tennessee, whereas Wimberly is a

                                   1

Louisiana resident). Brown contends that the factual allegations Wimberly made in the two state court petitions regarding Brown's professional negligence and legal malpractice are defamatory. Brown later alleged that the pleadings had in fact been drafted by Hector Lopez, and joined him as a defendant in the defamation suit. In response, Wimberly has moved to dismiss Brown's complaint, as well as a special motion to strike (anti-SLAPP motion). Hector Lopez has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), or in the alterative, for summary judgment.

## II.

Wimberly's special motion to strike is based on Louisiana Code of Civil Procedure Article 971, more commonly known as Louisiana's anti-SLAPP statute. Article 971 allows a defendant to file a special motion to strike where the defendant has been sued for exercising his constitutional rights to petition or free speech in connection with a public issue.[1]

The Court pauses to address the Erie implications of using a state procedural rule in federal court litigation. While some courts have questioned the applicability of such statutes, the Fifth Circuit has recognized the validity of anti-SLAPP statutes in federal proceedings. Henry v. Lake Charles Am. Press, LLC,

---

[1] In this case, Wimberly's motion also drives the result in Lopez's motion. If Wimberly wins, so does Lopez.

566 F.3d 164 (5th Cir. 2009); see also Armington v. Fink, No. 09-6785, 2010 U.S. Dist. LEXIS 24294, at *8 (E.D. La. Feb. 24, 2010). The Fifth Circuit is joined by the First Circuit, Godin v. Schencks, 629 F.3d 79 (1st Cir. 2010), as well as the Ninth Circuit, United States ex rel Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963 (9th Cir. 1999) in its approval.

The Louisiana anti-SLAPP statute requires the plaintiff to demonstrate a probability of success on his claim, or else his claim will be dismissed. See Louisiana Code of Civil Procedure Art. 971(A)(1). Wimberly contends that plaintiff has failed to show a probability of success on his defamation claim because he has failed to sufficiently allege that defendant intended to harm the plaintiff when he filed the malpractice suits against Brown.

Intent to harm is an essential element to establish defamation under Louisiana law. Eschete v. Della Hildebrand, 930 So. 2d 196, 199 (La. Ct. App. April 25, 2006)("Additionally, there is a heightened pleading requirement when suing an attorney (and/or clients) for defamation in the context of a judicial proceeding. This heightened standard requires the plaintiff to allege facts in his petition that show malice or an intent to cause direct harm to the plaintiff"); see also Rogers v. Ash Grove Cement Co., 799 So. 2d 841, 845 (La. Ct. App. Nov. 2, 2001); Montalvo v. Sondes, 637 S.2d 127 (La. 1994). Plaintiff has failed to allege that Wimberly and Lopez intended to cause

him direct harm by their statements.  As such, plaintiff cannot show a probability of succeeding on his defamation claim against both defendants.

    Accordingly, IT IS ORDERED: Wimberly's motion to strike and Lopez's motion to dismiss are GRANTED.

    New Orleans, Louisiana, November 9, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE